1  **Jennifer B. Zargarof, SBN 204382**
   **jzargarof@sidley.com**
2  **Geoffrey D. DeBoskey, SBN 211557**
   **gdeboskey@sidley.com**
3  **Francis S. Lam, SBN 279076**
   **flam@sidley.com**
4  **SIDLEY AUSTIN LLP**
   **555 West Fifth Street, Suite 4000**
5  **Los Angeles, California  90013**
   **Telephone:  (213) 896-6000**
6  **Facsimile:  (213) 896-6600**

7  **Attorneys for Defendant Saks & Company**

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  Nick Perez, individually and on behalf      )  Case No.
    of other members of the general public      )
12  similarly situated,                          )
                                                 )  **DEFENDANT'S NOTICE OF**
13                Plaintiff,                      )  **REMOVAL OF STATE COURT**
                                                 )  **CLASS ACTION**
14  vs.                                          )
                                                 )
15  Saks & Company, an unknown business          )
    entity; and DOES 1 through 100,              )
16  inclusive,                                   )
                                                 )
17                Defendants.                     )
                                                 )
18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

1
2

TO THE CLERK OF THE FEDERAL DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA,

3
4
5
6
7
8
9

PLEASE TAKE NOTICE that Defendant Saks & Company ("Defendant"), contemporaneously with the filing of this Notice, hereby effects removal of the below referenced action from the Superior Court in the State of California for the County of San Francisco to the United States District Court for the Northern District of California—San Francisco Division pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act), 1441(b), and 1446(b).  In support of this Notice, Defendant states as follows:

10

## I.   COMPLAINT.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

On or around April 24, 2014, Plaintiff Nick Perez, individually and on behalf of other members of the general public similarly situated, commenced an action against Defendant, Case No. CGC-14-538900, *Perez, et al. v. Saks & Company*, in the Superior Court for the County of San Francisco.  In his Complaint, Plaintiff alleged claims for: (1) Violation of Labor Code §§ 510 and 1198 (unpaid overtime); (2) Violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) Violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) Violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) Violation of California Labor Code § 204 (wages not timely paid during employment); (7) Violation of California Labor Code § 226(a) (non-compliant wage statements); (8) Violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) Violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); and (10) Violation of California Labor Code §§ 17200, *et seq*.  *See generally* Complaint ("Compl.") attached as Exhibit 3 to the Declaration of Francis S. Lam ("Lam Decl.") filed concurrently herewith.

27
28

In addition to bringing this action on his own behalf, Plaintiff purports to represent the following proposed class of persons (the "Class"):

> All current and former California-based hourly-paid or non-exempt individuals employed by any of the Defendants [sic] within the State of California at a "Saks Fifth Avenue" store at any time during the period from four years preceding the filing of this Complaint to final judgment.

Compl. at ¶ 13.

## II.   PAPERS SERVED TO DATE.

On April 30, 2014, Defendant received service of process of the Summons and Complaint, along with other related court documents.  Lam Decl. at ¶ 3.  Attached to the Lam Decl. are the Summons (Exhibit 1); Civil Case Cover Sheet (Exhibit 2); Complaint (Exhibit 3); and Notice of Case Management Conference (Exhibit 4), which constitute all process, pleadings, and orders served on Defendant to date.  On May 29, 2014, Defendant filed an Answer to the Complaint, which is attached as Exhibit 5 to the Lam Decl.  Exhibits 1 through 5 of the Lam Decl. constitute all process, pleadings, and orders served on and/or by Defendant.  Lam Decl. at ¶ 4.

## III.   BASIS FOR REMOVAL.

A defendant filing a notice of removal need only plead a short and plain statement of its grounds for removal.  See Janis v. Health Net, Inc., 472 Fed. Appx. 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. §1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal.  [It] requires merely a 'short and plain statement of the grounds for removal.'").  Here, the Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA" or the "Act").  CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant," and the number of members of the proposed plaintiff class(es), in the aggregate, exceeds 100.  28 U.S.C. §§ 1332(d)(2)(A) and (d)(5).  As set forth below, the foregoing criteria are met for purposes of this action.

//

### A.   <u>CLASS ACTION.</u>

This action is a class action within the meaning of CAFA.  28 U.S.C. § 1332(d)(1)(B) (defining class action to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action.").  Here, because Plaintiff "brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus seeks class certification under Code of Civil Procedure section 382[,]" this criteria of CAFA is satisfied.  Compl. at ¶ 12.

### B.   <u>NUMBER OF CLASS MEMBERS.</u>

Pursuant to the allegations in Plaintiff's Complaint, there are at least 150 individuals in the class.  Compl. at ¶ 15(a).  Thus, the total number of members of Plaintiff's alleged class exceeds 100 based on Plaintiff's allegations alone.

### C.   <u>AMOUNT-IN-CONTROVERSY.</u>

Based on Defendant's most reasonable interpretation of Plaintiff's allegations, the aggregate amount-in -controversy in this case exceeds $5,000,000, exclusive of interest and costs.  Plaintiff alleges that Defendant failed to compensate its non-exempt, hourly employees for all hours worked, missed meal periods, and/or rest breaks.  Compl. at ¶¶ 19, 28, 30.  Plaintiff also alleges that, by failing to pay the foregoing, Defendant allegedly willfully failed to pay Plaintiff and other members of the Class all wages due at termination as required by Labor Code §§ 201 and 202.  Compl. at ¶ 32.  Plaintiff further alleges that because Defendant did not compensate its employees for all hours worked, Defendant failed to provide Plaintiff and class members with complete and accurate wage statements that included "the total number of hours worked by Plaintiff and the other class members."  Compl. at ¶ 34.  Accordingly, Plaintiff seeks to recover, on his own behalf and on behalf of all other hourly-paid or non-exempt individuals employed by Defendant at any California "Saks Fifth Avenue" store within four years from the date of the filing of this lawsuit,

their alleged unpaid wages, premiums for missed meal and rest periods under Labor Code §§ 226.7, additional waiting-time penalties under Labor Code § 203, and penalties for failure to provide accurate wage statements under Labor Code § 226.  As set forth in more detail below, the amount-in-controversy based on just several of Plaintiff's ten causes of action well exceeds CAFA's $5 million threshold.

### 1.   Amount-in-Controversy for Plaintiff's Labor Code § 226.7 (Missed Meal and Rest Periods) Claims.

Plaintiff's Second and Third Causes of Action seek unpaid premiums for missed meal and rest periods for putative class under Labor Code §226.7.  Labor Code § 226.7 provides that an employee is entitled to an additional hour of pay at his or her regular rate for each day that the employer fails to provide the employee with a meal and/or rest period in accordance with Labor Code § 226.7 and § 512(a).  Plaintiff alleges that during the pertinent time period, Defendant failed to provide its employees with meal and rest periods as required by Labor Code §§ 226.7 and 512 or with an additional hour of pay at their regular rates on instances in which it failed to provide such meal and rest periods.  Compl. at ¶¶ 62, 63, 64, 65, 73, 74, 75.

During the pertinent time period of this lawsuit, Defendant employed no less than 2,353 employees at its California "Saks Fifth Avenue" full line stores.  *See* Declaration of Allison Rose ("Rose Decl.") at ¶ 3.  Those 2,353 employees worked approximately 200,037 workweeks during the pertinent time period.  Rose Decl. at ¶ 4.  Assuming, conservatively, and based on the allegations in the Complaint, that putative class members missed even just a single meal or rest period during each workweek—an assumption that is reasonable given Plaintiff's allegations that Defendant had a uniform policy or practice of depriving employees of meal and rest periods—the amount-in-controversy for Plaintiff's unpaid rest and meal period premium claims can be calculated by multiplying the number of workweeks worked by each employee during the pertinent time period of this lawsuit by one missed meal or rest period and by each employee's mid-point base hourly rate during the pertinent

time period of this lawsuit. That amount-in-controversy here is $3,219,506.[1] Rose Decl. at ¶ 5. Moreover, even if Defendant assumed just one missed meal and rest period for each putative class member every <u>other</u> workweek, the potential estimated exposure is $1,620,169. Rose Decl. at ¶ 5.

### 2. <u>Amount-in-Controversy for Plaintiff's Labor Code § 203 Claim.</u>

Plaintiff also raises a claim for waiting time penalties under Labor Code § 203 based on his allegations that Defendant has not paid its terminated employees for all of their missed meal and rest period premiums. *See* Compl. at ¶¶ 83-86. Labor Code § 203(a) provides, in pertinent part, that "[i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201…[and] 202…any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days." The Complaint seeks to recover up to the maximum 30 days' wages under Labor Code § 203 for class members. Compl. at ¶ 88.

Here, Defendant's payroll data indicates that since April 14, 2011 (the date that the statute of limitations for Plaintiff's Labor Code § 203 claim began to run), 1090 employees have been terminated. Rose Decl. at ¶ 7. Assuming that these 1090 employees were entitled to even a single unpaid meal and rest period premium, the total exposure for Defendant's waiting time penalty claim is $3,597,986. Rose Decl. at ¶ 7. This figure is based off of each individual terminated employee's final hourly base rate of pay, the number of days that has elapsed since their termination up to 30

---

[1] Most of Defendant's hourly-paid, non-exempt employees were paid on a commission-basis. Thus, their regular rates of pay (the rate upon which their overtime rate and missed meal and rest period premiums would be based) actually far exceed the base hourly rate of pay that this analysis is premised on. Thus, this analysis is a very conservative estimate of the amount-in-controversy of Plaintiff's unpaid meal and rest period claims..

1    days, and an assumption that putative class members worked 8 hours per workday.

2    Rose Decl. at 7.[2]

3                    **3.       Amount-in-Controversy for Labor Code § 226 Claim.**

4            Plaintiff also seeks recovery of Labor Code § 226 penalties against Defendant.

5    Plaintiff alleges that Defendant violated Labor Code § 226 by failing to provide

6    accurate wage statements during the four year period preceding the filing of the

7    Complaint, and that members of the putative class suffered damages as a result

8    thereof.  Compl. at ¶¶ 97, 98, 99.  Labor Code § 226(e) provides aggrieved employees

9    with a statutory penalty equal to the greater of actual damages or $50 for the initial

10   pay period in which a violation occurs, and $100 per employee for each violation in a

11   subsequent pay period, up to a maximum of $4,000 per employee.[3]

12           Defendant's employees are paid on a weekly basis and thus receive wage

13   statements every workweek.  Rose Decl. at ¶ 6, fn. 6.  Thus, if Defendant's employees

14   were not provided with a single meal or rest period each workweek and were not paid

15   a premium for those missed meal or rest periods, their wage statements, according to

16   the allegations in Plaintiffs' Complaint, for those corresponding workweeks would not

17   be accurate.  Rose Decl. at ¶ 6.  Limiting Plaintiff's and putative class members'

18   Labor Code § 226 claim to a one year statute of limitations period, and assuming a

19   single instance in which Defendant failed to provide a meal or rest period per

20   workweek per putative class member (and to pay a corresponding premium), the

21   amount-in-controversy for such claim would be $4,099,500.  Rose Decl. at ¶ 6.

22   ─────────────────
     [2] Once again, this analysis does not take into consideration the fact that Defendant's
     employees earn commission, and thus their regular rates of pay (which takes into
23   account commissions earned and is the appropriate rate used to calculate waiting time
     penalties) exceed their base hourly rates of pay.  Accordingly, the actual amount-in-
24   controversy well exceeds the number expressed above.
     [3] Defendant maintains that an employer is only liable for a "subsequent violation" of
25   Labor Code § 226 and thus subject to the $100 penalty if it fails to provide an accurate
     wage statement <u>after</u> it has been found to have violated Labor Code § 226.  However,
26   because that position is in-controversy, Defendant's amount-in-controversy analysis
     will be based on Plaintiff's assertion that Defendant is liable for a "subsequent
27   violation" every time, with the exclusion of the first, that it allegedly failed to provide
     an accurate wage statement to Plaintiff and putative class members.
28

Assuming, even more conservatively that Defendant failed to provide a meal or rest period (and did not pay a premium) once every other workweek since April 24, 2013, the amount-in-controversy would be $2,666,600.  Rose Decl. at ¶ 6.

#### 4.   **Total Amount-in-Controversy for Plaintiff's Labor Code §§ 226.7, 203, and 226 Claims.**

The total amount-in-controversy for just Plaintiff's Second, Third, Fifth, and Seventh Causes of Action, as described in detail above, well exceeds $5 million regardless of whether one assumes a single instance of a failure to provide meal or rest period by Defendant every workweek, or every other workweek.

As shown in the table below, the total potential estimate exposure due to just one missed meal period or one missed rest period per week, and the associated wage statement and waiting time penalties is $10,916,992.

| Summary of Estimated Potential Exposure | | |
|---|---|---|
| Cause of Action | Date Range | Potential Exposure |
| Missed Meal <u>or</u> Rest Periods | 4/24/2010 – 5/30/2014 | $3,219,506 |
| Wage Statement Penalties | 4/24/2013 – 5/30/2014 | $4,099,500 |
| Waiting Time Penalties | 4/24/2011 – 5/30/2014 | $3,597,986 |
| Total Potential Estimated Exposure:[4] | | $10,916,992 |

Rose Decl. at ¶ 8.

Moreover, the table below presents that the total estimated exposure assuming just one missed meal period or one missed rest period every <u>other</u> week, and the associated wage statement and waiting time penalties is $7,884,755.

| Summary of Estimated Potential Exposure | | |
|---|---|---|
| Cause of Action | Date Range | Potential Exposure |

---

[4] As noted above, this estimate does not include applicable interest on the meal or rest period penalty payments or estimates of exposure for any other claims made by plaintiffs.

| Missed Meal or Rest Periods | 4/24/2010 – 5/30/2014 | $1,620,169 |
|---|---|---|
| Wage Statement Penalties | 4/24/2013 – 5/30/2014 | $2,666,600 |
| Waiting Time Penalties | 4/24/2011 – 5/30/2014 | $3,597,986 |
| Total Potential Estimated Exposure:[5] | | $7,884,755 |

Rose Decl. at ¶ 9. Thus, the amount-in-controversy for just four of Plaintiff's ten

causes of action, exclusive of costs, attorneys' fees, and interests, is well over $5

million.[6] CAFA's amount-in-controversy requirement is thus met.

### D.    CITIZENSHIP OF PARTIES.

CAFA requires minimal diversity, meaning that "any member of a class of

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §

1332(d)(2)(A). Here, this requirement is satisfied because there is diversity of

citizenship between Plaintiff, on the one hand, and Defendant on the other.

Defendant is a corporation organized under the laws of New York with its

principal place of business in New York, New York. Declaration of Meredith Fogel

("Fogel Decl.") at ¶ 4. Its corporate headquarters is also in New York, New York. *Id.*

at ¶ 5. Defendant's corporate decisions are made in New York, New York, including

---

[5] As noted above, this estimate does not include applicable interest on the meal or rest period penalty payments or estimates of exposure for any other claims made by plaintiffs.
[6] Plaintiff seeks all reasonable attorneys' fees fees, which this Court may consider in determining whether the amount-in-controversy has been satisfied. *See, e.g., Bell v. Preferred Life*, 320 U.S. 238 (1943); *Galt G/S v. JSS Sandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (including prayer for attorneys' fees in determining amount in controversy where potentially recoverable by statute); *Goldberg v. C.PC. Int.'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (stating that attorneys' fees may be taken into account to determine jurisdiction al amounts). In California, where wage-and-hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fees award to be 25-33 percent of the settlement. *See, e.g.,, Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving a $4.75 million settlement for claims of unpaid overtime, meal and rest break periods, and an attorneys' fees award totaling over $1.2 million). Thus, the exposure in attorneys' fees for this matter will only add to an amount-in-controversy that si already well in excess of $5 million.

its operational, executive, administrative, and policymaking decisions. *Id*. at ¶ 5. The majority of Defendant's executive officers conduct their business in New York, New York. *Id*. at ¶ 6. The administrative functions crucial to Defendant's day-to-day operations are conducted in New York, New York. *Id*. at ¶ 7. The respective officers for these departments work in New York, New York, and are responsible for developing policies and protocols for Defendant's nationwide operations. *Id*. at ¶ 7. Accordingly, Defendant is a citizen of the state of New York.

Plaintiff is a resident and citizen of California. Compl. at ¶ 5. Thus, Plaintiff and Defendant are citizens of different states, and minimal diversity is satisfied.

### E. <u>MANDATORY JURISDICTION.</u>

The exercise of jurisdiction under CAFA is mandatory where, as here, *any* primary defendant "is not a "citizen[] of the State in which the action was originally filed …" 28 U.S.C. § 1332(d)(3)-(4); *Villalpando v. Exel Direct Inc.*, 2012 US Dist LEXIS 160631,*28 (Nov. 8, 2012) (for discretionary exception to apply, all primary defendants must be citizens of the state in which the action as filed); *Kearns v. Ford Motor Co.*, 2005 US Dist LEXIS 41614, *7-8 (C.D. Cal Nov 21, 2005) (same). Defendant is a primary defendant, and is out of state. Accordingly, jurisdiction is mandatory.

Moreover, this action does not (i) concern "a covered security as defined under 16(f)(3) of the Securities Act of 1993 (15 U.S.C. 78p(f)(3)) and section 28 (f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E))," (ii) relate "to the internal affairs or governance of a corporation or other form of business enterprise," or (iii) relate to the "rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security… ." 28 U.S.C. § 1332(d)(9)(A)-(C).

### IV. <u>REMOVAL IS TIMELY.</u>

A notice of removal may be filed within 30 days after the defendant receives the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). The United States Supreme Court has held

1    that the 30-day period prescribed in section 1446(b) runs from the date of formal

2    service of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

3    344, 355-56 (1999). Here, Defendant was served on April 30, 2014. This notice of

4    removal is thus timely, as the 30-day period for removal does not expire until May 31,

5    2014.

6    **V.    <u>REMOVAL TO PROPER COURT.</u>**

7         This Court is part of the "district and division embracing the place where" the

8    State Court Action was filed – San Francisco County, California. 28 U.S.C. §

9    1446(a).

10    **VI.    <u>PLEADINGS AND PROCESS.</u>**

11         Pursuant to 28 U.S.C. § 1446(a), attached to the Lam Decl. as Exhibits 1

12    through 5 are copies of "all process, pleadings, and orders served upon" and by

13    Defendant.

14    **VII.    <u>NOTICE TO PARTIES AND TO THE STATE COURT.</u>**

15         Pursuant to 28 U.S.C. § 1446(d), in addition to serving this Notice of Removal

16    on Plaintiff, Defendant is filing in the Superior Court for the County of San Francisco

17    and serving upon Plaintiff a separate document entitled "Notice of Filing of Notice of

18    Removal to Federal Court."

19         Defendant respectfully removes this action, now pending in the Superior Court

20    of the State of California for the County of San Francisco, to the United States District

21    Court for the Northern District of California.

22    Dated: May 30, 2014

SIDLEY AUSTIN LLP

23

24

25                      By:_____ */s/ Francis S. Lam*_____
                     Jennifer B. Zargarof

26                      Geoffrey D. DeBoskey
                     Francis S. Lam

27                      Attorneys for Defendant Saks &
                     Company

28

NOTICE OF REMOVAL